**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **DAVID RYAN WALKER,** | : | |
| **Plaintiff,** | : | |
| | : | **NO. 5:26-cv-00132-MTT-CHW** |
| **V.** | : | |
| | : | |
| **UNIT MANAGER POPE,** | : | |
| *et al.,* | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## ORDER

Plaintiff David Ryan Walker, who is currently in Macon State Prison in Oglethorpe, Georgia, initiated this case by filing a document he titled "Emergency Petition Imminent Danger," in which he asserts that his life is in danger. ECF No. 1. Under Rule 3 of the Federal Rules of Civil Procedure, "[a] civil action is commenced by filing a complaint with the court." Here, Plaintiff has not filed a complaint. He also has not paid the $405.00 filing fee for a civil rights case or submitted a motion to proceed *in forma pauperis*.

Therefore, if he wants to proceed with this case, Plaintiff is **ORDERED** to (1) file a complaint on the Court's standard 42 U.S.C. § 1983 form, and (2) either pay the $405.00 filing fee or submit a properly completed motion to proceed *in forma pauperis*.[1] If he is seeking to proceed *in forma pauperis*, Plaintiff must complete the entire *in forma pauperis* application by filling out the motion and declaration as well as submitting "a certified copy

---

[1]If Plaintiff is seeking a preliminary injunction or temporary restraining order, he should file a separate motion clearly and concisely setting forth his grounds for such relief.

of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).

With regard to the complaint, Plaintiff should keep in mind that his recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a defendant in this action. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must then tell the Court exactly how each individual violated his constitutional or federal statutory rights, including (1) what each defendant did (or did not do) to violate his rights; (2) when and where each action occurred; and (3) how Plaintiff was injured as a result of each defendant's actions. Plaintiff must complete the entire complaint form.

Plaintiff has filed two supplements and a motion to amend. *See* ECF Nos. 3-5. As Plaintiff is required to file a recast complaint, his motion to amend is **DENIED** as unnecessary. There can only be one operative complaint in this case. Thus, the recast complaint will take the place of and supersede Plaintiff's initial complaint and supplements, and in reviewing Plaintiff's claims, the Court will only consider the factual allegations and claims contained in Plaintiff's recast complaint on the enclosed § 1983 form. Any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing. Plaintiff's complaint must be no longer than ten (10) pages.

Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to (1) file his complaint on the Court's standard form, and (2) either pay the $405.00 filing fee or submit a properly completed motion to proceed *in forma pauperis*. The **CLERK** is

**DIRECTED** to mail Plaintiff a standard 42 U.S.C. § 1983 prisoner complaint form and a copy of the Court's standard *in forma pauperis* application and associated documents with this order.

Plaintiff must immediately inform the Court in writing of any change in his mailing address and failure to do so may result in dismissal of this action. Plaintiff's failure to fully and timely comply with this order may result in the dismissal of this action.

**SO ORDERED and DIRECTED**, this 8th day of June, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

3