**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

**DAVID RYAN WALKER,**

**Plaintiff,**

**V.**

**UNIT MANAGER POPE, *et al.*,**

**Defendants.**

**NO. 5:26-cv-00132-MTT-CHW**

**ORDER & RECOMMENDATION**

Plaintiff David Ryan Walker, a prisoner in Macon State Prison in Oglethorpe, Georgia, initiated this case by filing a document he titled "Emergency Petition Imminent Danger," in which he asserted that his life was in danger. ECF No. 1. Plaintiff was informed that, under Rule 3 of the Federal Rules of Civil Procedure, "[a] civil action is commenced by filing a complaint with the court," and he was ordered to file a complaint on the Court's form. ECF No. 10 at 1-3. Plaintiff was also ordered to pay the $405.00 filing fee for this case or to submit a properly completed motion to proceed *in forma pauperis* ("IFP"). *Id.*

Plaintiff has now filed a recast complaint (ECF No. 12) and a motion to proceed *in forma pauperis* (ECF No. 13), along with motions for a protective order or transfer to a different facility (ECF No. 7), copies of documents (ECF No. 11), an extension of time to file his certified trust account statement (ECF No. 14), emergency help (ECF No. 16), and leave to amend his complaint (ECF No. 17). Plaintiff has filed eight other documents that have been docketed as notices, declarations, letters, and affidavits. ECF Nos. 15 & 18-24.

As set forth below, Plaintiff's motion for an extension of time to file his account statement (ECF No. 14) is **DENIED as unnecessary**, and his motion for leave to proceed *in forma pauperis* (ECF No. 13) is **GRANTED**. Plaintiff's motion for copies (ECF No. 11) is **DENIED**. Plaintiff can obtain copies by sending the Clerk of Court a request accompanied by the required payment. Next, it is **RECOMMENDED** that Plaintiff's motion for emergency help (ECF No. 16) be **DENIED**.[1]

Plaintiff's recast complaint is a shotgun pleading that does not comply with the Court's order to recast or Rule 8 of the Federal Rules of Civil Procedure, particularly when considered together with the numerous additional notices, declarations, letters, and affidavits that Plaintiff has filed. Nevertheless, Plaintiff will be permitted one final chance to recast his complaint. If he wants to proceed with this action, Plaintiff is **ORDERED** to recast his complaint consistent with the instructions herein. In light of this order, Plaintiff's motion to amend his complaint (ECF No. 17) is **DENIED as unnecessary**. Plaintiff must include the claims that he wants the Court to consider in his recast complaint.

**MOTION FOR LEAVE TO PROCEED IFP**

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). ECF No. 13. Plaintiff has filed a motion for an extension of time to file his certified trust fund account statement. ECF No. 14.

---

[1]Plaintiff's motion for a protective order or transfer relates more directly to the allegations included in the complaint. Therefore, consideration of that motion (ECF No. 7) is deferred pending Plaintiff's filing of a recast complaint pursuant to this order.

Plaintiff included his certified account statement with his motion to proceed *in forma pauperis*. ECF No. 13-2. Therefore, his motion for an extension of time (ECF No. 14) is **DENIED as unnecessary**, and Plaintiff's account statement is considered herein. As it appears from that statement that Plaintiff is unable to pay the cost of commencing this action, his application to proceed IFP (ECF No. 13) is hereby **GRANTED**.

Even if a prisoner is allowed to proceed IFP, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived. Because Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I. Directions to Plaintiff's Custodian

Plaintiff is required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated. It is **ORDERED** that the warden of the institution in which Plaintiff is incarcerated, or the sheriff of any county in which he is held in custody, and any

successor custodians, shall each month cause to be remitted to the clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is authorized to forward payments from the prisoner's account to the clerk of court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II. Plaintiff's Obligations Upon Release

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody. Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## MOTION FOR COPIES

Plaintiff has filed a motion seeking "copies of every document that Plaintiff has submitted to this Court since the initiation of this lawsuit." ECF No. 11 at 1. Regardless

of indigency, a plaintiff must pay for copies of court filings. And as Plaintiff acknowledges, the cost for copies is fifty cents per page. When he filed the motion, Plaintiff had submitted documents (ECF Nos. 1, 3-9, 11) totaling fifty-three pages. Therefore, Plaintiff' motion for copies (ECF No. 11) is **DENIED**. Plaintiff may obtain a copy of those documents by filing a request with the clerk and paying $26.50. If he seeks copies of documents in addition to the ones noted herein, he must pay fifty cents per page for such copies.

**MOTION FOR EMERGENCY HELP**

Plaintiff also filed a document he titled "Emergency Request Intentional Filing Hindrance." ECF No. 16. In this filing, Plaintiff complains of "mail room staff and prison officials purposely thwarting and preventing Plaintiff from filing this lawsuit." *Id.* at 1. Plaintiff asserts that, on June 21, 2026, when Defendant Walker walked past Plaintiff's cell, Plaintiff held his legal mail out of the door flap for Walker to take. *Id.* Walker refused and cursed at Plaintiff, and Plaintiff told Walker that she was violating federal law by not allowing him to send out his mail. *Id.* The next day, another officer walked through Plaintiff's dorm and refused to collect Plaintiff's legal mail. *Id.*

Additionally, according to Plaintiff, no one would provide him with his trust fund account statement because they were trying to prevent him from pursuing this lawsuit. *Id.* Plaintiff also alleges that, at some point, Sergeant Jordan came to Plaintiff's cell, "punched me with his fist and ripped my mail up in pieces." *Id.* The mail that Jordan ripped up was an affidavit from another inmate who was acting as a witness for Plaintiff. *Id.* This

motion was dated June 22, 2026, *id.* at 2, and it was docketed in this Court on July 2, 2026.

Plaintiff appears to be seeking injunctive relief requiring prison officials to cooperate with his efforts to proceed with this case. A temporary restraining order ("TRO") or preliminary injunction is a drastic remedy used primarily to preserve the status quo rather than to grant most or all of the substantive relief sought in the complaint. *See, e.g., Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982).[2] Factors a movant must show to be entitled to a TRO include "(1) a substantial likelihood of ultimate success on the merits; (2) the TRO is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the TRO would inflict on the non-movant; and (4) the TRO would serve the public interest." *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995) (per curiam).

Plaintiff's allegations and other filings do not support a conclusion that injunctive relief is necessary to prevent any injury. Plaintiff states that he has been hindered in his attempts to mail documents to prosecute this case, but he has filed twenty-two documents so far in this case, including his recast complaint and various motions, notices, and letters. None of the other factors here shifts the weight of the analysis in favor of granting injunctive relief in this regard. Therefore, it is **RECOMMENDED** that Plaintiff's motion for emergency help (ECF No. 16) be **DENIED**.

[2]The standard for obtaining a TRO is the same as the standard for obtaining a preliminary injunction. *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001) (per curiam); *Windsor v. United States*, 379 F. App'x 912, 916-17 (11th Cir. 2010) (per curiam).

## RECAST COMPLAINT

In the order to recast, Plaintiff was instructed that "[t]here can only be one operative complaint in this case" and that the Court would "only consider the factual allegations and claims contained in Plaintiff's recast complaint on the enclosed § 1983 form." ECF No. 10 at 2. Plaintiff was instructed that his "complaint must be no longer than ten (10) pages." *Id.* Despite these instructions, Plaintiff's recast complaint is a total of twenty-one pages, and he has submitted eight separate notices, declarations, and letters to the Court in support of his complaint. ECF Nos. 15, 18-24. Thus, Plaintiff's recast complaint and subsequent filings do not comply with the order to recast.

Plaintiff's recast complaint also does not comply with Fed. R. Civ. P. 8(a), which requires that a civil complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief," or Rule 10(b), which requires a plaintiff to "state [his] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Instead, Plaintiff has presented lengthy blocks of text and supplemental documents setting out a narration of events, some of which appear to be relevant to Plaintiff's claims and some of which do not. Insofar as Plaintiff's complaint contains numerous "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," and fails to "separate into a different count each cause of action or claim for relief," the recast complaint is an impermissible shotgun pleading.

Therefore, if he wants to proceed with this action, Plaintiff is **ORDERED** to recast the complaint consistent with the instructions herein. In recasting the complaint, Plaintiff

must clearly and concisely explain what each individual defendant did or did not do that Plaintiff believes violated his constitutional rights. If Plaintiff asserts a claim but does not connect that claim to any defendant, that claim will be subject to dismissal. Likewise, if Plaintiff names a defendant but does not allege any facts to show what the defendant did, that defendant will be subject to dismissal. To that end, it is recommended that, when drafting his statement of claims, Plaintiff set forth a statement of the relevant facts and also list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's authority or role in the unconstitutional conduct? Is he a supervisory official? Was the defendant personally involved in the constitutional violation? If not, did his actions otherwise cause the unconstitutional action? How do you know?

(2) *When* and *where* did each action occur (to the extent memory allows)?

(3) *How* were you injured as a result of this defendant's actions or decisions? If your injury is related to a change in the conditions of your confinement, please describe how those conditions differ from those in general population. If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4) *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

(5) *What* did this defendant do (or not do) in response to this knowledge?

(6) *What* relief you seek from this defendant?

Plaintiff should state his claims as simply as possible; he also need not use legal

terminology or cite any specific statute or case law to state a claim. *See* Fed. R. Civ. P. 8.

The recast complaint will take the place of and supersede Plaintiff's prior complaint, such that the Court will not look back to the original complaint or Plaintiff's other filings to determine whether Plaintiff has stated a claim. Therefore, Plaintiff should take care to include all relevant factual allegations in his recast complaint. This is not, however, an invitation to include all of the claims that Plaintiff believes he has together in this same case. Plaintiff may only raise claims that are related, as defined by Fed. Rule Civ. P. 20. **Plaintiff is not to attach more than ten (10) pages of factual allegations to his complaint.** He is also not to include any other attachments to his complaint or to file additional pages of allegations in separate documents.

## CONCLUSION

As set forth above, Plaintiff's motion for an extension of time to file his account statement (ECF No. 14) is **DENIED as unnecessary**, and his motion for leave to proceed *in forma pauperis* (ECF No. 13) is **GRANTED**. Plaintiff's motion for copies (ECF No. 11) is **DENIED**. Plaintiff can obtain copies by sending the Clerk of Court a request accompanied by the required payment. Next, it is **RECOMMENDED** that Plaintiff's motion for emergency help (ECF No. 16) be **DENIED**.

Additionally, if he wants to proceed with this action, Plaintiff is **ORDERED** to recast his complaint consistent with the instructions herein. In light of this order, Plaintiff's motion to amend his complaint (ECF No. 17) is **DENIED as unnecessary**. Plaintiff must include the claims that he wants the Court to consider in his recast complaint.

Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this order to file his recast complaint. Plaintiff's failure to fully and timely comply with this order may result in the dismissal of this case.

The clerk is **DIRECTED** to forward Plaintiff a blank 42 U.S.C. § 1983 form along with his service copy of this order (with the civil action number showing on both). There shall be no service in this case pending further order of the Court.

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the United States District Judge to whom this case is assigned, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Objections to the Recommendation are limited in length to twenty (20) pages. A party seeking permission to exceed these limitations shall do so by filing a written motion no later than five (5) days in advance of the deadline for filing objections and by specifying the number of pages requested. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO ORDERED**, this 5th day of October, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge